United States District Court
Southern District of Texas
**ENTERED**
July 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ELLIOTT ROSS HARRIS and LAKESHA JONES,** § § § § § § § § § § § § | |
| Plaintiffs, | |
| VS. | CIVIL ACTION NO. 4:25-cv-3073 |
| **AMDRE LLC and JOHN V. BURGER,** | |
| Defendants. | |

## MEMORANDUM & ORDER

Before the Court is Plaintiffs Elliott Ross Harris and LaKesha Jones's Motion for Reconsideration of Injunctive Relief (Doc. No. 13), filed on July 21, 2025. Plaintiffs seek reconsideration of the Court's July 11, 2025 Order denying their request for an ex parte temporary restraining order ("TRO") and urge the Court to intervene in light of newly submitted filings and an imminent state court trial scheduled for July 22, 2025. Having reviewed the motion, the First Amended Complaint, the Supplemental Declarations, and the Notice of Clarification, the Court **DENIES** the Motion for Reconsideration, and clarifies that it also **DENIES** any pending Motion for Preliminary Injunction.

Motions for reconsideration serve "to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Such motions are not a vehicle for relitigating issues already resolved or for raising arguments that could have been presented earlier. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

To begin, Plaintiffs have not demonstrated a manifest error or new justification of relief. The Court's July 11 Order denied the ex parte TRO because Plaintiffs failed to meet the stringent

requirements of Federal Rule of Civil Procedure 65(b)(1), which mandates (1) specific facts demonstrating immediate irreparable harm absent ex parte relief, and (2) certification of efforts to notify adverse parties or justification for omitting notice. *See Linwood v. Meditemp Inc.*, 2025 U.S. Dist. LEXIS 99731, at *2 (N.D. Tex. May 27, 2025). While Plaintiffs have since filed a Verified Amended Complaint and sworn declarations to cure these deficiencies, their submissions do not alter the fundamental jurisdictional and prudential concerns identified in the Court's initial Order.

Critically, Plaintiffs acknowledge that the underlying eviction judgment remains on appeal in Harris County Court at Law, with a trial set for July 22, 2025. (Notice of Clarification, Doc. No. 7). Federal courts must abstain from interfering with ongoing state proceedings absent "extraordinary circumstances" that justify disrupting state-court autonomy. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Plaintiffs' due process claims—which challenge the validity of the state eviction judgment—are squarely within the state court's competence to resolve. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (federal courts should not exert jurisdiction over a claim where vital state interests are involved if the state proceedings afford an adequate opportunity to raise the constitutional claims).

Second, even if reconsideration were warranted, Plaintiffs have not demonstrated a likelihood of success on the merits of their federal claims, and they have not adequately established federal jurisdiction. Their argument hinges on the assertion that Defendants procured the eviction judgment through misleading representations about service of process. However, as the Court previously noted, "the state court is the proper forum to challenge the eviction judgment," particularly where Plaintiffs have already invoked state appellate remedies. Doc. No. 6. Moreover, Plaintiffs' attempt to assert a § 1983 claim is unavailing. Private parties like AMDRE LLC and its attorney are not state actors unless their conduct is "fairly attributable to the State." *See Cornish v.*

*Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Plaintiffs' allegations of procedural defects in a private eviction action, without more, do not establish state action under § 1983. As such, the Court lacks jurisdiction to issue the preliminary injunction that Plaintiff seeks.

Finally, the balance of harms and public interest still favor allowing the state court to adjudicate its own processes. Federal intervention in state eviction proceedings would undermine principles of comity and federalism.

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**. Any pending Motion for Preliminary Injunction is also **DENIED**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on July 23, 2025.

_____
Keith P. Ellison
United States District Judge